**UNITED STATES of America,**
**Plaintiff–Appellant,**

**v.**

**Francis Kenneth FRIEDEMANN;**
**Arpad Anton Chabafy,**
**Defendants–Appellees.**

United States of America,
Plaintiff–Appellee,

v.

Arpad Anton Chabafy, Defendant–Appellant,

and

Francis Kenneth Friedemann, Defendant.

Nos. 99–4275, 99–4282.

United States Court of Appeals, Fourth Circuit.

Argued March 3, 2000

Decided April 6, 2000

**ARGUED:** David Alan Brown, Charlotte, North Carolina, for Appellant. James Frank Wyatt, III, Law Offices of James F. Wyatt, III, Charlotte, North Carolina, for Appellees. **ON BRIEF:** Mark T. Calloway, United States Attorney, Brian Lee Whisler, Assistant United States Attorney, Office of the United States Attorney, Charlotte, North Carolina, for Appellant. Harold J. Bender, Bender & Matus, Charlotte, North Carolina, for Appellee Friedemann.

Before LUTTIG and TRAXLER, Circuit Judges, and KISER, Senior United States District Judge for the Western District of Virginia, sitting by designation.

Affirmed in part, vacated in part, and remanded by published opinion. Judge LUTTIG wrote the opinion, in which Judge TRAXLER and Senior Judge KISER joined.

## OPINION

LUTTIG, Circuit Judge:

The United States appeals from the district court's order granting the motion of defendants Francis Friedemann and Arpad Chabafy to suppress certain evidence obtained from containers in their possession at the time of their arrest, and Chabafy cross-appeals from the district court's denial of his motion to suppress his statements to Federal Bureau of Investigation (FBI) agents as taken in violation of his *Miranda* rights. For the reasons that follow, we affirm in part, vacate in part, and remand for further proceedings.

## I.

FBI agents staged a transaction wherein they offered a loan to Friedemann and Chabafy, knowing, based on information obtained from a cooperating witness, that the defendants would offer fraudulent security on the loan. During the encounter with undercover agents, the defendants each accessed their briefcases, and Friedemann accessed a pouch. The agents arrested the defendants and conducted a protective sweep of the briefcases and pouch for weapons, but did not seize or examine any of the documents contained therein. Instead, they obtained a warrant to search the briefcases and pouch after filing a search warrant affidavit that omitted reference to the fact that Friedemann, an attorney, had asserted that documents in his briefcase were protected by the attorney/client privilege. Meanwhile, FBI agents read Chabafy his *Miranda* rights, but he agreed to be interviewed and provided the agents with incriminating statements.

After the defendants were charged with mail and wire fraud, a magistrate judge ruled that the evidence obtained from the briefcases and pouch was admissible, but that Chabafy's statements to the FBI were taken in violation of his *Miranda* rights and were therefore inadmissible. The district court reviewed both of these issues *de novo*, and came to a conclusion opposite that of the magistrate in each instance. The United States now appeals from the district court's order granting the defendants' motion to suppress the evidence obtained from the briefcases and pouch, and Chabafy cross-appeals from the district court's order denying his motion to suppress his statements to FBI agents.

## II.

The district court held that the warrant authorizing the search of the two briefcases and pouch was invalid under *Franks v.* *Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), because the search warrant affidavit filed by federal agents failed to represent that Friedemann had asserted the attorney/client privilege with respect to the documents in his briefcase. J.A. 433–37. The United States argues that the district court misapplied *Franks.* We agree.

*Franks* holds that, if a defendant makes an initial showing that a warrant affidavit contained an intentionally or recklessly false statement that was necessary to the finding of *probable cause* at the time the warrant was issued, he is entitled to a hearing. See *id.*, 438 U.S. 154, 98 S.Ct. at 2684–85.* If at the hearing the district court determines that the affidavit does contain such a false statement, and that, in the absence of that statement, probable cause did not exist to support issuance of the warrant, the court ordinarily must exclude the evidence obtained pursuant thereto. *Franks* thus serves to prevent the admission of evidence obtained pursuant to warrants that were issued only because the issuing magistrate was misled into believing that there existed probable cause.

■ By contrast, the present case does not involve a misrepresentation or omission that in any way altered the probable cause calculus. Even assuming that the failure to include Friedemann's assertion of the attorney/client privilege in the warrant affidavit was intentional or reckless (an assumption that finds scant support in the record before us), the fact remains that the question whether a document is privileged has nothing at all to do with the separate question whether there existed probable cause to justify the issuance of a warrant to seize that document. In other words, the probable cause determination would not have changed in the slightest had the warrant affidavit at issue made

---

* The courts of appeals, including this court, have extended *Franks* to apply to omissions, in addition to false statements. *See United* States v. *Colkley,* 899 F.2d 297, 300–01 (4th Cir.1990).

clear that Friedemann had asserted the attorney/client privilege with respect to some of the documents seized. *Cf. Franks,* 438 U.S. at 171–72, 98 S.Ct. 2674 ("[I]f, when material [in the warrant affidavit] that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required.").

As such, we conclude that *Franks* is inapplicable on the present facts, and that the district court therefore erred in granting the motion to suppress the evidence at issue.

## III.

■ ⸱Chabafy argued below that his post-arrest statements to FBI agents should be suppressed because his *Miranda* rights, as defined in *Edwards v. Arizona,* 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981), were violated when the agents continued to question him in the absence of counsel after he, having initially waived his right to an attorney, requested that counsel be present for any further interrogation. The agents who conducted the interrogation testified that Chabafy never actually requested his attorney. The district court denied Chabafy's motion to suppress his statements, noting that the issue amounted to the question whether the court believed the agents' or Chabafy's version of the events, and that the court found the agents' testimony to be "far more credible" because Chabafy's testimony "varied widely" and was "much more consistent with his self-interest in having his statements suppressed than it [was] with the weight of the evidence and the totality of the circumstances surrounding his arrest and interview." J.A. 430–31. On appeal, Chabafy does not contest that the district court's decision amounted to a credibility determination, but contends that it was the agents' testimony, rather than his own, that was not credible. On the record before us, however, there is

simply no basis for the conclusion that the district court erred, after presiding over a hearing in which both the agents and Chabafy testified, in concluding that the agents' testimony was more believable than that of Chabafy.

We therefore conclude that the district court committed no reversible error in denying Chabafy's motion to suppress his post-arrest statements to FBI agents.

### CONCLUSION

For the foregoing reasons, we vacate the district court's order granting the defendants' motion to suppress the evidence obtained from their briefcases and pouch, affirm its denial of Chabafy's motion to suppress his statements to FBI agents, and remand for further proceedings.

*IT IS SO ORDERED*